UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-CV-23447-UNGARO-SIMONTON

BROOKS HORNBECK
Plaintiff and all others similarly situated under 29 USC 216(B)

vs.

CLUB MADONNA, INC., AT THE
BOULEVARD, INC., ELL-GEE, INC.,
LEROY C. GRIFFITH,

                        Defendants.
_____/

### DEFENDANTS, CLUB MADONNA, INC., AT THE BOULEVARD, INC., ELL-GEE INC., AND LEROY C. GRIFFITH'S ANSWER, AFFIRMATIVE DEFENSES and DEMAND FOR JURY TRIAL IN RESPONSE TO THE PLAINTIFF'S COMPLAINT

COMES NOW the Defendants, CLUB MADONNA, INC., AT THE BOULEVARD, INC., ELL-GEE, INC., and LEROY C. GRIFFITH by and through its undersigned attorney and files this, their Answer, Affirmative Defenses and Demand for Jury Trial in response to the Plaintiff's Complaint and states:

    1.    Denied.

    2.    This Defendant is without knowledge therefore the same is Denied.

    3.    It is admitted that the Defendants transact business within Dade County. It is specifically denied that any of the Corporate Defendants were or are the joint employers of the Plaintiff for the relevant time periods. All remaining allegations in paragraph 3 are denied.

    4.    It is admitted that all acts and omissions which allegedly give rise to this dispute did in fact take place in South Florida. It is denied that this Plaintiff or any other

Plaintiff has not been paid overtime or minimum wages in accordance with the FLSA. All remaining allegations contained in paragraph 4 are specifically denied.

### Federal Statutory Violation – Overtime and Minimum Wage Violations against Defendants

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. It is admitted that the Plaintiff was a ticket taker who received hourly pay and tips at Club Madonna, Inc., and At The Boulevard, Inc. It is further admitted that the Plaintiff was a cleaner who was paid for his work by Ell-Gee Inc. All other allegations contained within paragraph 9 are denied. Specifically, it is denied that any actions of the Defendants or the Plaintiff in any way, shape or form affected Interstate Commerce as defined by the FLSA.

10. Denied.

11. Denied.

12. Denied.

### AFFIRMATIVE DEFENSES

1. For its First Affirmative Defense, the Defendants jointly would state that they are not joint employers as defined by the FLSA.

2. For its Second Affirmative Defense, each Defendant individually would state that the Plaintiff was employed separately and distinctly by each employer and had separate and distinct job duties with each Corporate Defendant and therefore, the

Plaintiff cannot and has not shown any joint employment relationship.

3. For its Third Affirmative Defense, the individual Defendant, Leroy Griffith should be dismissed from this case due to the fact that the Plaintiff has failed to state a cause of action against him as he cannot be held responsible absent the finding of a joint employment relationship, which, the Defendants assert does not exist.

4. For its Fourth Affirmative Defense, the Plaintiff has failed to file various claims contained within the Complaint within the applicable statute of limitations.

5. For its Fifth Affirmative Defense, the Defendants business did not qualify for Interstate Commerce as defined by the FLSA.

6. For its Sixth Affirmative Defense, the Plaintiff's duties as a ticket taker and cleaner in no way shape or form involve any type of Interstate Commerce as defined by the FLSA.

7. For its Seventh Affirmative Defense, the Plaintiff's claim is not subject to the FLSA due to the requirements for having a valid claim under the statute that the Plaintiff has no evidence that the Defendant Corporations individually earn in excess of $500,000.00 as required by the FLSA.

8. For its Eighth Affirmative Defense, the Plaintiff has failed to meet conditions precedent to the filing of this lawsuit.

9. For its Ninth Affirmative Defense, the Plaintiff has waived his right to assert various claims due to the amount of time that has expired since the alleged violation has occurred.

10. For its Tenth Affirmative Defense, the Plaintiff's claim is subject to the Doctrine of Estoppel due to the actions of the Plaintiff and his failure to bring this claim

in a timely fashion.

11.     For its Eleventh Affirmative Defense, the case, as styled fails to state a cause of action upon which relief can be granted and that the Plaintiff, as named in the Complaint does not have standing to bring this cause of action.

12.     For its Twelfth Affirmative Defense, none of the Defendants engaged in a "enterprise" as defined by 28 U.S.C. 203 (r ) or (s).

13.     For its Thirteenth Affirmative Defense, the Plaintiff's status as a tipped employee excludes him from having any cause of action under the FLSA and specifically per US Code, 28 USC 203 (t).

14.     For its Fourteenth Affirmative Defense, the Plaintiff was not entitled to minimum wage payments for the type of employment he was working since it involved receiving tips.

15.     For its Fifteenth Affirmative Defense, the Plaintiff never worked nor did he submit a claim for any overtime pay.

16.     For its Sixteenth Affirmative Defense, the Plaintiff's claim under the FLSA fails due to the fact that the Defendants were not engaged in Commerce as described by Section 203(b) of the FLSA.

17.     For its Seventeenth Affirmative Defense, the Plaintiff's claim under the FLSA must fail due to the Plaintiff not being able to prove that there was a "enterprise" as described by Section 203(r)(1).

18.     For its Eighteenth Affirmative Defense, the Plaintiffs claim against the Defendant based upon the FLSA must fail due to the fact that the Plaintiff has not and cannot prove that there was an enterprise that was engaged in commerce or in the

production of goods for commerce as required by Section 203(s)(1) of the FLSA.

19. For its Nineteenth Affirmative Defense, the Defendants in whole and/or individually are exempt from the FLSA requirements pursuant to Section 213 of the FLSA.

20. The Defendants hereby reserves their right to amend their Affirmative Defenses as discovery so dictates. In addition, the Defendants hereby place the Plaintiff on notice of their intent to seek attorney's fees under Rule 13 and any other applicable State or Federal Statute which would entitle them to same.

### DEMAND FOR JURY TRIAL

This Defendant demands trial by jury of all issues so triable.

### CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that a true and correct copy of the foregoing was submitted electronically using CM/ECF to the United States District Court, Southern District of Florida, and sent via regular mail to: J.H. Zidell, Esq., 300 71st Street, #605, Miami Beach, Florida 33141 on this 17th day of March, 2010.

TOPKIN & EGNER P.L.
1166 W. Newport Center Drive, Ste. 309
Deerfield Beach, FL  33442
Phone: 954-422-8422
Fax: 954-422-5455

By: /s/ *Sanford R. Topkin, Esq.*
SANFORD R. TOPKIN
FBN: 948070
stopkin@topkinegnerlaw.com