UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23447-CIV-UNGARO/SIMONTON

BROOKS HORNBECK,

    Plaintiff,

v.

CLUB MADONNA, et al.,

    Defendants.
    _____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

Presently pending before the Court is the Plaintiff's Motion to Compel (DE # 42). The Defendants filed a Response to the Motion (DE # 48) and the Motion has been referred to the undersigned Magistrate Judge (DE # 47). On April 28, 2010, a hearing was held on the Motion, wherein the Motion was GRANTED. This Order sets forth the rulings made at the hearing on the Motion.

    I. BACKGROUND

This action was initiated when the Plaintiff Brooks Hornbeck filed an action against Defendants Club Madonna, Inc., At the Boulevard, Inc., Ell-Gee, Inc., and Leroy C. Griffith, alleging minimum wage and overtime violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") (DE # 1). According to the Complaint, the Plaintiff worked as a cleaner and ticket taker at the Corporate Defendants' night clubs between December 5, 2006 and October 3, 2009. Plaintiff alleges that he worked an average of 100 hours per week and was paid at a rate equivalent to $2.40 per hour.

In their Answer and Affirmative Defenses, the Defendants asserted, among other things, that they were not the joint employers of the Plaintiff. The Defendants also asserted that they did not engage in interstate commerce, and initially asserted that they

did not meet the $500,000.00 annual income threshold to bring them within the FLSA's jurisdiction (DE # 32).

## II. MOTION TO COMPEL

On April 21, 2010, the Plaintiff filed the instant Motion seeking to compel the production of documents in responses to the Plaintiff's Second and Third Request for Production, and better responses to the Plaintiff's Third Request for Admissions. In addition, in the Proposed Order that accompanied the Motion, the Plaintiff referred to sanctions being imposed against the Defendants. A hearing was set on the Motion and prior to the hearing, the Plaintiff filed a Notice of Filing Concise Issues for Plaintiff's Motion to Compel Which Have Not Been Resolved Between the Parties (DE # 51). In that filing, the Plaintiff set forth the specific discovery requests that remained at issue between the Parties and also included reference to the Plaintiff's Third Set of Interrogatories, which the Defendants answered after the Plaintiff filed his initial Motion to Compel.

## III. LAW & ANALYSIS

### A. Second and Third Requests for Production and Third Set of Interrogatories

In his Motion, the Plaintiff sought to compel the Defendants to provide better answers to a number of the Plaintiff's discovery requests. At the outset, the undersigned notes that all of the discovery requests in dispute relate to the Plaintiff's attempt to establish that the Defendants are subject to FLSA jurisdiction based upon their contact with interstate commerce through the operation of their night clubs. Specifically, the Requests for Production at issue involve the Plaintiff's request for invoices, receipts, and purchase orders reflecting the beverages and cleaning supplies

purchased by the Defendants, and invoices related to the advertising conducted by the Defendants between the dates of December 5, 2006 through October 3, 2009.  Similarly, the Interrogatories in dispute in Plaintiff's Third Set of Interrogatories request a list of vendors from whom certain Defendants purchased alcohol and advertising.  The Defendants objected to each of these requests as overbroad, unduly burdensome, harassing, not reasonably limited with regards to time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

      However, as stated by the undersigned at the hearing, based upon the nature of the FLSA jurisdictional dispute in this action, the Plaintiff's requests for certain invoices, receipts, etc., and information related to the sale of alcoholic beverages and advertising are relevant and must be responded to by the Defendants.  Indeed, despite the Defendants' argument at the hearing that because the Plaintiff worked in a janitorial capacity that he did not handle or purchase alcohol or advertising, such a showing is not necessary to establish jurisdiction under the FLSA.  Rather, the FLSA provides that jurisdiction may be established either through (1) individual coverage or (2) enterprise coverage. 29 U.S.C. § 207(a)(1).  Relevant for this case, enterprise coverage may be established where (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) where the employer's annual gross volume of sales is $500,000 or more. 29 U.S.C. § 203(s)(1)(A); 29 C.F.R. § 779.238.  Therefore, the Plaintiff's requests are relevant and likely to lead to the discovery of admissible evidence because the documents sought may demonstrate that two or more of the Defendants' employees regularly handled, sold or otherwise worked with goods

that had previously been moved in commerce, and thereby establish enterprise coverage.

In addition, the requests are reasonable in their time frame as the dates referenced in the requests span the relevant time frame for this action.  Finally, the Defendants have failed to demonstrate that the requests are unduly burdensome or harassing.

Therefore, as ordered at the hearing, the Defendants shall respond to Nos. 1, 3, and 4 of Plaintiff's Second Set of Request for Production of Documents and Nos. 4, 5, 6, and 7 of Plaintiff's Third Request for Production of Documents on or before Monday, May 10, 2010.  In addition, the Defendants must respond to Nos. 3 and 5 of Plaintiff's Third Set of Interrogatories on or before Wednesday, May 5, 2010.

### B.  Third Request for Admissions

In the Motion to Compel, the Plaintiff also sought to have the Defendants provide better responses to the Plaintiff's Third Request for Admissions.  Akin to the other discovery requests at issue, the Plaintiff's Third Requests for Admissions requested the Defendants to admit or deny that ATM machines, alcoholic beverages and videos or films at the Defendants' businesses were, on a regular and continuous basis, utilized by customers who traveled from out of state or were purchased from vendors located outside the State of Florida.  The Defendants responded to each of the Requests for Admissions as "Denied as worded."  Thus, in the Motion to Compel, Plaintiff argued that the Defendants should have to provide better responses (DE # 51).

As stated at the hearing, the undersigned concurs with the Plaintiff that the Defendants' Responses are insufficient.  Specifically, Rule 36 of the Federal Rules of Civil Procedure addresses discovery through Requests for Admission and provides, in

relevant part:

(a) Scope and Procedure.

(4) Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Thus, in this case, the Defendants have not complied with this Rule because they have failed to state in detail why they cannot truthfully admit or deny the statement and have failed to specify which part of the statement is admitted and which part is denied.  In addition, to the extent, if any, the Defendants are without knowledge or information regarding certain admissions, the Defendants have also failed to state that they have made a reasonable inquiry but are still unable to obtain the requested information sufficient to admit or deny the admission.

Therefore, as ordered at the hearing, the Defendants are directed to provide new responses to the Plaintiff's Third Set of Request for Admissions on or before May 5, 2010, which specifically identify, in good faith, which part of the Request the Defendants are admitting and which part of the Request the Defendants are denying as required by Rule 36.  Defendants must also state whether a reasonable inquiry was made in an effort to obtain sufficient information to admit or deny the Request.  However, as stated by the undersigned at the hearing, the Defendants are not required to set forth how a reasonable inquiry was made to obtain the information, rather, stating that a reasonable

inquiry was made is sufficient.

### C. Request for Sanctions

Finally, to the extent that the Plaintiff requested that the Court sanction the Defendants for failing to comply with discovery which necessitated the filing of the Motion to Compel, as stated at the hearing, the undersigned concludes that, at this point, the facts do not support the imposition of sanctions. However, such sanctions may be warranted at some point in this matter. Therefore, the Plaintiff's request for sanctions is denied without prejudice.

### III.  CONCLUSION

Therefore, based on the foregoing, and consistent with the undersigned's rulings at the hearing, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Production of Documents (DE # 42) is **GRANTED**. The Defendants shall produce documents responsive to Plaintiff's Second and Third Request for Production of Documents on or before May 10, 2010. The Defendants shall provide supplemental responses to the Plaintiff's Third Set of Interrogatories on or before May 5, 2010. The Defendants shall provide new responses to the Plaintiff's Third Request for Admissions on or before May 5, 2010.

**DONE AND ORDERED** in chambers in Miami, Florida on May 12, 2010.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
        United States District Judge
All counsel of record